UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA LYMAN,<br><br>      Plaintiff,<br><br>  -against-<br><br>PETSMART, INC.,<br><br>      Defendant. | CIVIL ACTION<br><br>NO.<br><br>**NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**<br><br>JURY TRIAL DEMANDED |

  Defendant, PetSmart, Inc. (hereinafter "Defendant"), by and through its attorneys, The Chartwell Law Offices, LLP, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§1332, 1441 and 1446 and, in support thereof, respectfully represents:

  1.  Plaintiff filed the above-captioned action on December 10, 2015, in the Supreme Court of the State of New York, County of Westchester, under Index. No. 70376/2015 (hereinafter "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Verified Complaint (hereinafter "Complaint") filed in the State Court Action is annexed hereto as **Exhibit "A."**

  2.  In the Complaint, Plaintiff, Lisa Lyman (hereinafter "Plaintiff"), alleges that on August 25, 2014, she was caused to slip and fall at premises located at 3131 East Main Street, Mohegan Lake, County of Westchester, State of New York due to the alleged negligence of Defendant.

  3.  After obtaining an extension of time to respond to the allegations of Plaintiff's

Complaint, Defendant joined issue by service of a Verified Answer with Affirmative Defenses on February 5, 2016 (hereinafter "Answer"). Pursuant to 28 U.S.C. § 1446(a), a copy the Answer filed in the State Court Action is annexed hereto as **Exhibit "B."**

4. Notably, prior to the filing of its Answer, or on January 11, 2016, Defendant's counsel served a Notice of Appearance in the State Court Action, signifying its representation of Defendant, a copy of which is annexed hereto as **Exhibit "C"**.

5. At the time it served the Notice of Appearance, or on January 11, 2016, Defendant also served its Demand for Statement of Damages Pursuant to CPLR 3017 (hereinafter "Demand") on Plaintiff, a copy of which is annexed hereto as **Exhibit "D"**.

6. After receiving no response to the Demand, on April 15, 2016 a Preliminary Conference was held in Supreme Court, Westchester County, resulting in the issuance of a Preliminary Conference Order (hereinafter "Order"). A copy of the Order is annexed hereto as **Exhibit "E"**.

7. The Order required that Plaintiff provide, *inter alia*, a response to the Demand by May 30, 2016. *See*, Exhibit "E" at Page 4, ¶ 8.

8. Thereafter, without having received any response to the Demand, on June 1, 2016, Defendant transmitted correspondence to Plaintiff, a copy of which is annexed hereto as **Exhibit "F"**, requesting that Plaintiff provide, *inter alia*, a response to the Demand in accordance with the directives of the Order.

9. Finally, on June 9, 2016, Defendant received Plaintiff's Response to Defendant's Demand for Statement of Damages Pursuant to CPLR 3017 (hereinafter "Response"). A copy of Plaintiff's Reply to Demands for Discovery Inspection, in which the Response is located at the last

page thereof, is annexed hereto as **Exhibit "G"**, without the corresponding attachments.

10. The Response set forth, for the first time in this lawsuit, that, "Plaintiff claims damages in the sum of One Million ($1,000,000) Dollars for past, present and future pain and suffering." *See*, Exhibit "G".

## REMOVAL IS TIMELY

11. As noted above, on the date that Defendant appeared in this case by counsel, or January 11, 2016, Defendant served Plaintiff with the Demand, in which it sought the amount of Plaintiff's claimed damages. *See*, Exhibit "D".

12. Plaintiff did not provide a response to the Demand until June 9, 2016, at which time she stated that the amount of her claimed damages was one million dollars ($1,000,000). See, Exhibit "G".

13. Prior to Defendant's receipt of the Response, Plaintiff did not provide any oral or written representation, nor any written documentation, either implicit or explicit, indicating the total damages to which Plaintiff deems herself to be entitled by reason of the claims set forth in her Complaint.

14. Therefore, Removal is timely insofar as Defendant has sought removal within thirty (30) days from the date it first obtained an "other paper," in accordance with 28 U.S.C. §1446(b)(3), from which it could be ascertained that Plaintiff's Complaint is seeking an amount in controversy that exceeds $75,000. *See, e.g., Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010)(holding that, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.").

15. 28 U.S.C. § 1446(b)(3) reads, in pertinent part, that:

> ... if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

16. 28 U.S.C.A. § 1446(c)(3)(A) reads, in pertinent part, that:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

17. Plaintiff's Response constitutes an "other paper" within the meaning of 28 U.S.C.A. § 1446 to support removal.

## THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

18. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (1) there is complete diversity between Plaintiff and Defendant as they are citizens of different states; and (2) Plaintiff's alleged damages exceed the requisite $75,000.00 threshold.

19. First, jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship as between Plaintiff and Defendants.

20. According to the Complaint, Plaintiff, Lisa Lyman, is a resident of the State of New York, County of Westchester. *See*, Exhibit "A" at ¶ FIRST.

21. Defendant, Petsmart, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Maricopa County, State of Arizona.

22. Second, jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00. *See*, Exhibit "G."

23. Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Westchester, pursuant to 28 U.S.C. §1446(d).

**WHEREFORE**, the above action now pending against Defendant, PetSmart, Inc., in the Supreme Court of the State of New York, County of Westchester, is hereby removed therefrom to the United States District Court for the Southern District of New York and the Clerk of the Supreme Court of the State of New York, County of Westchester is hereby directed to transfer and furnish the complete file maintained by said State Court to this Honorable Court.

Dated: New York, New York
       June 17, 2016

                              **THE CHARTWELL LAW OFFICES, LLP**

                              BY: _____
                                  Andrew J. Furman, Esq.
                                  SDNY Bar #AF0320
                                  *Attorneys for Defendant*
                                  *PetSmart, Inc.*
                                  One Battery Park Plaza, 35th Floor
                                  New York, NY 10004
                                  P: (212) 968-2300
                                  F: (212) 968-2400
                                  afurman@chartwelllaw.com

## AFFIDAVIT

STATE OF NEW YORK            )
                             ) ss
COUNTY OF NEW YORK           )

ANDREW J. FURMAN, being duly sworn according to law, deposes and says that he is the attorney for Defendant, PetSmart, Inc.; that, he has read the foregoing Notice for Removal of Action Pursuant to 28 U.S.C. §1441 and knows the contents thereof; that he is authorized to make this Affidavit on behalf of PetSmart, Inc.; and that the facts alleged in the Notice of Removal are true and correct to the best of his knowledge, information and belief.

ANDREW J. FURMAN

Sworn to and subscribed before me this 17th day of June, 2016.

Notary Public

JACK GROSS
NOTARY PUBLIC, State of New York
No. 02GR4892277
Qualified in Bronx County
Commission Expires April 13, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA LYMAN,<br><br>                       Plaintiff,<br><br>      -against-<br><br>PETSMART, INC.,<br><br>                       Defendant. | CIVIL ACTION<br><br>NO.<br><br>**CERTIFICATE OF SERVICE**<br><br>JURY TRIAL DEMANDED |

      I hereby certify that on June 17, 2016, a true and correct copy of the Notice for Removal of Action Pursuant to 28 U.S.C. §1441, filed by Defendant, PetSmart, Inc., was served upon the following by United States first class mail, postage pre-paid, addressed as follows:

Robert P. Rovegno, Esq.<br>
Rovegno & Cerrato, LLP<br>
1010 Northern Blvd., Suite 312<br>
Great Neck, New York 11021

Dated: New York, New York
         June 17, 2016

THE CHARTWELL LAW OFFICES, LLP<br><br>
BY: _____<br>
Andrew J. Furman, Esq.<br>
SDNY Bar # AF0320<br>
<em>Attorneys for Defendant</em><br>
<em>PetSmart, Inc.</em><br>
One Battery Park Plaza, 35th Floor<br>
New York, NY 10004<br>
P: (212) 968-2300<br>
F: (212) 968-2400<br>
afurman@chartwelllaw.com