**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** WESTCHESTER
--------------------------------------------------------------x

LISA LYMAN

                        Plaintiff/Petitioner,

          - against -                        Index No. 70376/2015

PETSMART INC.,

                        Defendant/Respondent.
--------------------------------------------------------------x

### NOTICE OF COMMENCEMENT OF ACTION
### SUBJECT TO MANDATORY ELECTRONIC FILING

     PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

     NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

     Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

     The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

     **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

     **Parties not represented by an attorney:** Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form. However, an unrepresented litigant may participate in e-filing.

EFM-1

04/23/2016 08:13

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:   12-10-15

| | |
|---|---|
| **Signature** | 1010 NORTHERN BLVD., SUITE 312 |
| | **Address** |
| ROBERT P. ROVEGNO | GREAT NECK, N.Y. 11021 |
| **Name** | |
| ROVEGNO & CERRATO, LLP | (516) 876-9600 |
| **Firm Name** | **Phone** |
| | **E-Mail** |

To:  _____

_____

_____

9/3/15

FILED:  WESTCHESTER COUNTY CLERK 12/10/2015 12:09 PM          INDEX NO. 70376/2015
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 12/10/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X
LISA LYMAN,                                                         Index No.:

                        Plaintiff,                                 Plaintiff designates
                                                                   Westchester County as place of
                                                                   trial
               -against-
                                                                   The basis of the venue is
                                                                   plaintiff's residence
PETSMART INC.,
                                                                   SUMMONS
                                                                   Plaintiff's residence is
                        Defendant.                                 158 DeJaw Street
                                                                   Peekskill, New York 10566
---------------------------------------------------------------X   County of Westchester

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer, or, if the Complaint is not served with this Summons, to serve a
Notice of Appearance, on the plaintiff's attorneys within 20 days after the service of
this Summons, exclusive of the day of service (or within 30 days after the service is
complete if this Summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or Answer, judgment will be taken against
you by default for the relief demanded in the Complaint.

Dated:          Great Neck, New York
                November 20, 2015

                                          ROVEGNO & CERRATO, LLP
                                          By:    ROBERT P. ROVEGNO, ESQ.
                                          Attorneys for Plaintiff
                                          1010 Northern Blvd., Suite 312
                                          Great Neck, New York 11021
                                          (516) 876-9600

Defendant's Address:
PETSMART, INC.:      3131 East Main Street, Mohegan Lake, New York 10547
                     And Through - Secretary of State, Albany, New York

ROVEGNO & CERRATO, LLP.

RPR/tas/Active/Lyman/Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------X
LISA LYMAN,

      Plaintiff,       VERIFIED COMPLAINT

  -against-         Index No.:

PETSMART INC.,

      Defendant.
-----------------------------------------------------X

   Plaintiff, LISA LYMAN, complaining of the defendant, PETSMART, INC., by her

attorneys, ROVEGNO & CERRATO, LLP, respectfully sets forth and alleges as follows:

   FIRST:   That at all times hereinafter mentioned, plaintiff, LISA LYMAN,

was and still is a resident of the County of Westchester, State of New York.

   SECOND:  The defendant, PETSMART, INC., at all times herein mentioned

was and still is a domestic corporation organized and existing under the laws of the

State of New York, with its principal place of business situated  in the City, County

and State of New York.

   THIRD:   The defendant, PETSMART, INC., at all times herein mentioned

was and still is a foreign corporation duly licensed and authorized to do business in

the State of New York.

ROVEGNO & CERRATO, LLP.

FOURTH:     The defendant, PETSMART, INC., at all times herein mentioned did conduct and carry on business at the premises known as 3131 East Main Street, Mohegan Lake, State of New York.

FIFTH:     At all times herein mentioned, the premises located at 3131 East Main Street, Mohegan Lake, State of New York was occupied as a commercial structure.

SIXTH:     At all times herein mentioned, the defendant, PETSMART, INC., owned the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

SEVENTH:     At all times herein mentioned, the defendant, PETSMART, INC., was a lessee of the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

EIGHTH:     At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, operated the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

NINTH:     At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, maintained the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

TENTH:     At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, managed the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

ELEVENTH:     At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, controlled the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

2

TWELFTH:   At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, supervised the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

THIRTEENTH:At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, repaired the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

FOURTEENTH:     At all times herein mentioned, the defendant, PETSMART, its servants, agents and/or employees, inspected the premises located at 3131 East Main Street, Mohegan Lake, State of New York.

FIFTEENTH: That on or about said date, the plaintiff, LISA LYMAN, was lawfully on the defendant's premises located at 3131 East Main Street, Mohegan Lake, State of New York.

SIXTEENTH: Upon information and belief, that at all times hereinafter mentioned, it was and still is the duty of the defendant, PETSMART, INC., to maintain, manage, control, repair and inspect the floor at said premises.

SEVENTEENTH:     At all times mentioned, it was the duty of the defendant, PETSMART, INC., to provide a reasonably safe environment to its patrons and/or customers while on the defendant's aforementioned premises.

EIGHTEENTH:     That on or prior to August 25, 2014, the defendant disregarded its duty as aforesaid and negligently and carelessly permitted the sidewalk at the place aforesaid to become and to remain for a long period of time in an unmarked, unsupervised, wet, slippery, dangerous, defective, unsafe and hazardous condition and maintained the same improperly and perilously.

KOWIG\OA CERRATO, LLP.

3

NINETEENTH:        That the defendant was careless, reckless, and negligent in that it caused, permitted and allowed he aforesaid sidewalk to be and become unmarked, unsupervised, wet, slippery, dangerous, defective, unsafe and hazardous and to so remain for a long period of time although it knew or should have known by the exercise of a reasonable degree of care and that to so act created a danger, menace, hazard, and nuisance to those lawfully upon the said sidewalk, including plaintiff, LISA LYMAN, in that it failed to repair said condition thereby rendering it a trap, a nuisance, and an obstruction to persons lawfully using the defendant's premises, including the plaintiff, LISA LYMAN, although it knew or should have known of the said condition by the exercise of reasonable care.

TWENTIETH: That the defendant had due notice or by reason of inspection thereof, could and should have had due notice and knowledge of the dangerous and defective condition alleged, or that notice was not required in that defendant created the defective condition and failed to repair same prior to the 25th day of August, 2014.

TWENTY-FIRST:        Plaintiff alternatively pleads that prior notice of the existence of said condition is not required in this case in the circumstances set forth herein in that defendant created the defective condition complained of and failed to repair same prior to the date of accident.

TWENTY-SECOND:   That on the 25th day of August, 2014, while plaintiff, LISA LYMAN, was lawfully upon said premises when owing to the negligence of the defendant in failing to maintain and keep the said premises in a safe and proper condition as hereinbefore alleged, the plaintiff LISA LYMAN, was caused to sustain injuries hereinafter alleged, plaintiff not contributing thereto.

ROVEGNO A CERRATO, LLP

4

TWENTY-THIRD:     That solely by reason thereof, the plaintiff, LISA LYMAN, suffered serious and severe injuries and sustained resultant pain and suffering rendering plaintiff sick, sore, lame and disabled and was compelled to and did expend diverse sums of money for medical care and treatment and the necessary incidents thereof, and that on information and belief, some of such injuries are permanent.

TWENTY-FOURTH:  That solely by reason thereof, the plaintiff, LISA LYMAN, was prevented from attending to her usual occupation and suffered loss of income in consequence thereof.

TWENTY-FIFTH:     Plaintiff, LISA LYMAN, was incapacitated from pursuing her usual duties, occupation, vocation, avocation, hobbies, and/or recreational pursuits form the date of loss and continuing to date.

TWENTY-SIXTH:     That the limitations of liability set forth in Article 16 of the CPLR do not apply to the potential liability of the defendant herein in that this matter falls within the exceptions set forth within said statute.

TWENTY-SEVENTH: That by reason of the foregoing, the plaintiff, LISA LYMAN, sustained damages in an amount greater than the minimum monetary limits of this Court.

WHEREFORE, plaintiff, LISA LYMAN, demands judgment against the defendant, PETSMART, INC., in a sum greater than the minimum jurisdictional monetary amounts of this Court, together with the costs and disbursements of this action for each and every cause of action alleged herein.

Dated:      Great Neck, New York
              November 20, 2015

                                ROBERT P. ROVEGNO, ESQ.
                                ROVEGNO & CERRATO, LLP
                                Attorneys for Plaintiff LISA LYMAN
                                1010 Northern Blvd., Suite 312
                                Great Neck, New York 11021
                                (516) 876-9600

ROVEGNO & CERRATO, LLP

6

# VERIFICATION

STATE OF NEW YORK       )
                        : ss.:
COUNTY OF NASSAU        )


I, the undersigned, am an attorney admitted to practice law in the courts of New York State and say that:

I am the attorney of record for plaintiff. I have read the annexed SUMMONS and VERIFIED COMPLAINT and know the contents thereof and the same is true to my knowledge except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon the following: facts contained in the file.

The reason I make this Affirmation instead of plaintiff is that plaintiff is outside of the County where my office is maintained.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Great Neck, New York
       November 20, 2015



ROBERT P. ROVEGNO, ESQ.

ROVEGNO & CERRATO, LLP.

*Index No.:*            *Year*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

LISA LYMAN,

           Plaintiff,

     -against-

PETSMART INC.,

           Defendant.

## SUMMONS AND VERIFIED COMPLAINT

### ROVEGNO & CERRATO, LLP
*Attorneys for Plaintiff(s)*
1010 NORTHERN BLVD., SUITE 312
GREAT NECK, NEW YORK 11021
(516) 742-7900      (516) 876-9600

*To:*

*Attorney(s) for*

**ATTORNEY CERTIFICATION**
*The undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information, belief and reasonable inquiry, the contentions contained in the above referenced document(s) are not frivolous.*

*Dated:* Great Neck, New York
        November 20, 2015                ROBERT P. ROVEGNO, ESQ.

PLEASE TAKE NOTICE
     ☐            that the within is a (certified) true copy of a
NOTICE OF ENTRY            entered in the office of the Clerk of the within named Court on
     ☐            that an Order of which the within is a true copy will be presented for settlement to
NOTICE OF SETTLEMENT     the Hon.                  , one of the Judges of the within
           Court; at
           on                          , at               M.

### ROVEGNO & CERRATO, LLP
*Attorneys for Plaintiff(s)*
1010 NORTHERN BLVD., SUITE 312
GREAT NECK, NEW YORK 11021
(516) 742-7900      (516) 876-9600